UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH RODERICK MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-160 |
| | § | |
| MARK PATTERSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND FOR *DE NOVO* REVIEW

Plaintiff is a federal inmate at the Joe Corley Detention facility in Houston Texas (D.E. 1, 44). Proceeding *pro se*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971)[4] alleging that various federal actors and employees at a privately owned detention facility located in the Corpus Christi Division of the Southern District of Texas, violated his rights under the United States Constitution. Upon initial screening, a recommendation was made to the District Judge to Dismiss all of Plaintiff's claims (D.E. 34). Pending are Plaintiff's motions for appointment of counsel (D.E. 38, 40-1), as well as his motion requesting *de novo* review of the Memorandum and Recommendation (D.E. 40-2).

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal

---

[4] A Bivens action is the federal counterpart of § 1983 and "extends the protections afforded by § 1983 to parties injured by federal actors not liable under § 1983."

1 / 3

assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This case is not overly complex. According to plaintiff, defendants violated his right to practice his Jewish faith, engaged in anti-semitic behavior, conspired have him placed in a mental health observation cell, isolated him from others, placed handcuffs on him in a manner that caused bruising and injuries and failed to sustain his grievances against others. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case. In his motions (D.E. 38 & 40), Plaintiff appears to be supplementing his objections to the Memorandum and Recommendation rather than setting forth reasons why there are exceptional circumstances present to warrant appointment of counsel. Plaintiff does, however, say that he has not been housed at a facility where he can

access an adequate law library. Plaintiff has not yet made a request, but in order to solve this problem, Plaintiff may request an extension of time to supplement his objections to the Memorandum and Recommendation until he has an opportunity to be designated to and transferred to a Bureau of Prisons facility with an adequate law library.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motions for appointment of counsel (D.E. 38, 40-1) are denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

Plaintiff also requests *de novo* review of his objections to the memorandum and recommendation (D.E. 40-2). The motion is denied as unnecessary, as *de novo* review is already required by statute and by court rules. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

ORDERED this 17th day of October, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE