IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH RODERICK MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:17-CV-00160 |
| | § | |
| MARK PATTERSON, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

The Court is in receipt of *pro se* Plaintiff's June 8, 2017, and June 12, 2017, filings—which constitute his amended complaint—Dkt. No. 11 & 12, and Plaintiff's May 19, 2017, motion for temporary restraining order ("TRO"), Dkt. No. 8. In her August 8, 2017, Memorandum and Recommendation ("M&R"), the Magistrate Judge to whom this case was referred concluded that (1) to the extent that Plaintiff states any *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) claims in this action, such claims against each individual defendant in his or her official capacity is barred;[1] (2) Plaintiff's allegations of isolated incidents where he was denied kosher meals are insufficient to state a First Amendment claim related to Plaintiff's free exercise of his religious faith; (3) Plaintiff's allegations in connection with a possible Religious Land Use and Institutionalized Persons Act claim do not constitute a substantial burden on his right to practice his faith; (4) Plaintiff failed to state a denial-of-access-to-courts First Amendment claim with regard to the opening of his legal mail; (5) Plaintiff's allegations that Defendant Captain M. Hernandez opened Plaintiff's legal mail otherwise fail to state a First Amendment claim; (6) Plaintiff's denial-of-access-to-courts claim with regard to the prison library and librarian's education level fails because Plaintiff does not allege that these purported shortcomings have hindered his ability to pursue a legal claim or otherwise cause any actual injury to Plaintiff; (7) Plaintiff received all the process he was due at his January 16, 2017, disciplinary hearing; (8) Defendants M. Botello and Gordon-White's alleged rude and verbally abusive comments to Plaintiff fail to rise to the level of constitutional violations; (9) Plaintiff's allegations of discriminatory treatment in connection with his equal protection claim are conclusory and do not allege facts indicating that similarly-situated inmates of other faiths

---

[1] The M&R concludes that Plaintiff's claims of deliberate indifference to his medical needs and conditions of confinement and excessive force are barred pursuant to *Bivens*. Dkt. No. 34 at 12–15.

are receiving superior treatment from CBDC officials; (10) Plaintiff has no constitutional right to have any of his grievances resolved in his favor; and (11) Plaintiff alleges no facts referencing the existence of an agreement between any of the named defendants to harm Plaintiff and therefore Plaintiff fails to properly state a conspiracy claim. Dkt. No. 31 at 11–30. With regard to Plaintiff's TRO, the M&R concludes that Plaintiff has not demonstrated a likelihood of success on the merits. *Id.* at 31.

Plaintiff filed objections to the M&R on August 21, 2017; August 23, 2017; and August 30, 2017. Dkt. Nos. 37, 41, 42, and 43. The Court reviews objected-to portions of a Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). Plaintiff's objections are frivolous, conclusory, general, or contain no arguments that the M&R has not already considered. *See id.*; *see also Battle v. United States Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987) (determining that a district court need not consider frivolous, conclusive, or general objections). After independently reviewing the record and considering the applicable law, the Court adopts the proposed M&R in its entirety. Dkt. No. 34. Thus, the Court **OVERRULES** Plaintiff's objections.

The Court hereby:

- **DENIES** Plaintiff's motion for a TRO, Dkt. No. 8;
- **DISMISSES WITHOUT PREJUDICE** any possible state law claims Plaintiff alleges;
- **DISMISSES WITH PREJUDICE** all other claims Plaintiff alleges;
- **DIRECTS** the Clerk of the Court to send notice of this dismissal to the Manager of the Three-Strikes List for the United States District Court for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

The Court will order entry of final judgment separately.

SIGNED this 15th day of February, 2018.

_____
Hilda Tagle
Senior United States District Judge